UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA NELMS, Personal
Representative of the ESTATE OF
DANIEL L. SMITH, Deceased,

      Plaintiff,

v.

WELLPATH, LLC f/k/a CORRECT
CARE SOLUTIONS, LLC et al.,

      Defendants.

Case No. 21-10917
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING
DEFENDANT WELLPATH, LLC'S MOTION TO DISMISS [100]**

---

Daniel Smith entered the Lenawee County Jail on August 31, 2018, following his arrest.[1] (ECF No. 1, PageID.5.) Smith suffered from a few chronic medical conditions, like high blood pressure. (*Id.* at PageID.6.) And while he was in the jail, Smith saw Rhonda Miller, LPN, and Daryl Parker, MD, two employees of Wellpath, LLC, for high blood pressure, chest pain, and shortness of breath. (*Id.* at PageID.6–7.) Unfortunately, two months into his detention, Smith suffered a heart attack and passed away. (*Id.*)

Smith's daughter, Christina Nelms, filed this lawsuit on April 22, 2021, alleging that Wellpath and the medical professionals responsible for treating Smith

---

[1] A background of the case can be found in the Court's prior opinion. (ECF No. 45.)

were deliberately indifferent to Smith's serious medical needs, leading to his death.[2] (*See generally id.*)

The case was stayed on January 27, 2025, due to Wellpath's bankruptcy. (ECF No. 91.) On May 1, 2025, the bankruptcy court entered its findings of fact, conclusions of law, and order confirming the first amended joint Chapter 11 plan of reorganization. (ECF No. 100-1.) The stay in this case was lifted on July 23, 2025. (ECF No. 97.) And soon after, Wellpath filed this motion arguing that Nelms's claims were released in the bankruptcy order. (ECF No. 100.) The motion is fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Wellpath's motion to dismiss is GRANTED.[3]

## I.

On November 11, 2024, Wellpath docketed a Suggestion of Bankruptcy and Notice of Stay. (ECF No. 88.) Following several months of bankruptcy proceedings, on May 1, 2025, the Bankruptcy Court entered its findings of fact, conclusions of law, and order "(I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, INC. and Certain of its Debtor Affiliates . . . ." (the "Bankruptcy Plan") (ECF No. 100-2, PageID.2207.)

---

[2] Nelms also filed suit against Lenawee County, but it was dismissed from the case in January 2022. (ECF No. 45.)

[3] The Court has sufficient grounds to grant the motion to dismiss so it will not address the summary judgment argument. But because Wellpath filed an answer long ago and their argument for dismissal is based on the Bankruptcy Plan, the Court will not utilize the standard under Federal Rule of Civil Procedure 12(b)(6).

The Bankruptcy Plan discharged all claims, interests, and causes of action against Wellpath that arose before November 11, 2024, and permanently enjoined parties from commencing or continuing any action in respect to those claims or interests. (*Id.* at PageID.2284, 2334, 2335, 2340.) It also established an opt-out system that discharges claims against released parties, like Wellpath employees, unless plaintiffs timely opt out to preserve those claims.[4] (*Id.* at PageID.2340.)

On July 23, 2025, the bankruptcy stay here was lifted. (ECF No. 97.) Soon after, Wellpath filed its motion to dismiss/motion for summary judgment arguing that the Bankruptcy Plan foreclosed any claim against it and warranted its dismissal from the lawsuit. (ECF No. 100, PageID.2198 ("Any attempt by Enjoined Parties to proceed with their Claims or Causes of Action against the Debtor Wellpath, LLC violates the Injunction and such Claims or Causes of Action must be dismissed against the Debtor pursuant to the Confirmation Order and Stay Order.").) In response, Nelms contends that Wellpath should stay in the case as a nominal defendant so that she may establish liability and collect from Wellpath's insurer. (ECF No. 105, PageID.2481 ("Discovery in the present case has revealed insurance coverage indemnifying defendant Wellpath through a policy provided by ProAssurance Specialty Insurance Company . . .").)

---

[4] Plaintiff claims she opted out of the third-party release. (ECF No. 105, PageID.2478 ("the injunction does not apply to parties, like Smith, that opted out of the third-party release.").) This will be crucial for assessing whether her claims against non-debtor parties, like Daryl Parker and Rhonda Miller, may proceed. But this motion does not concern those Defendants so the Court will not address it further.

The bankruptcy code prohibits a creditor from "recover[ing] or offset[ing] any such debt as a personal liability of the debtor," 11 U.S.C. § 524(a)(2). But it leaves open the possibility that a debtor may collect from another entity liable for the debt, like an insurer. *See id.* at § 524(e) (providing that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt"). So looking at the bankruptcy code alone, Nelms's request that Wellpath remain as a nominal defendant seems permissible. *See, e.g., In re Talley*, 656 B.R. 422, 424 (Bankr. E.D. Mich. 2024) (requiring debtor to remain in the suit to determine liability which, if found, Plaintiff would collect from a third party).

But the Court cannot look at the Bankruptcy code alone because this case involves a governing Bankruptcy Plan. And that Plan does not permit maintaining Wellpath as a nominal defendant. Indeed, the Plan specifies that Wellpath's Liquidating Trust is the proper entity to pursue in a nominal capacity:

> Holders of personal injury tort and wrongful death Claims against the Debtors are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim. Such holders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust;

(ECF No. 100-4, PageID.2406 (General Form of Order Regarding Lift Stay Motions from the Bankruptcy Court).) So Nelms, as the holder of a wrongful death claim, has two options. One, she may proceed against Wellpath pursuant to the alternative

dispute resolution (ADR) procedures set forth in the bankruptcy plan, which would take place in the bankruptcy court. (*See* ECF No. 106-2, PageID.2962.) Or two, she may litigate against Wellpath's Liquidating Trust as a nominal party for the purpose of establishing liability in this Court. 28 U.S.C. § 157(b)(5). But, in light of the Bankruptcy Plan, she may not maintain Wellpath itself as a nominal defendant.[5]

Several other courts in this Circuit have reached the same conclusion. *See Lee v. Wellpath Corp.*, No. 24-39, 2025 WL 3898108, at *2 (W.D. Mich. Dec. 10, 2025), *report and recommendation adopted*, No. 24-39, 2026 WL 36576, at *1 (W.D. Mich. Jan. 6, 2026) (granting Wellpath's motion to dismiss based on the bankruptcy order); *Wilhite v. Parr-Mirza*, No. 24-11815, 2025 WL 3166810, at *4 (E.D. Mich. Oct. 23, 2025) (granting Wellpath's motion to dismiss "based on bankruptcy discharge and confirmation order" but "without prejudice to [plaintiff] seeking any appropriate relief in the U.S. Bankruptcy Court for the S.D. Tex. or in the Court of Appeals for the Fifth Circuit"); *Altantawi v. Bouchard*, No. 22-11906, 2025 WL 3491556, at *4 (E.D. Mich. Oct. 20, 2025), *report and recommendation adopted*, No. 22-11906, 2025 WL 3281534 (E.D. Mich. Nov. 25, 2025) (granting motion to dismiss "without prejudice to Plaintiff's right to seek any appropriate relief" in the bankruptcy court); *Jones v. Correct-Care Sols.*, No. 23-70, 2025 WL 2553486, at *10 (W.D. Ky. Sept. 4, 2025)

---

[5] Wellpath argues that ADR is the *only* available option for Nelms. (ECF No. 100, PageID.2199.) That ignores the other option set forth in the Plan and is inconsistent with the position Wellpath took in another personal injury action before this Court. *Gregory v. Wellpath et al.*, No. 23-11957 (E.D. Mich. filed Aug. 8, 2023). There, Wellpath asked the Court to substitute the Liquidating Trust as a nominal defendant in its place. *Gregory*, No. 23-11957, ECF No. 75.

(granting Wellpath's motion to dismiss and specifying that to participate in ADR with the Liquidating Trust, that motion must be filed in the bankruptcy court or with the administrators of the Liquidating Trust).

## II.

Accordingly, Wellpath's motion to dismiss is GRANTED without prejudice to Plaintiff's right to seek any appropriate relief in the United States Bankruptcy Court for the Southern District of Texas or to substitute the Liquidating Trust as a nominal defendant here.

IT IS SO ORDERED.

Dated: February 11, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge