UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA NELMS, Personal Representative of the ESTATE OF DANIEL L. SMITH, Deceased,

Plaintiff,

v.

RHONDA MILLER, LPN,

Defendant.

Case No. 21-10917
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [126]**

Daniel Smith died of a heart attack while incarcerated at Lenawee County Jail. During that fatal episode, Nurse Rhonda Miller did not provide him with oxygen in the eight minutes before EMS arrived. Smith coded in the ambulance and was pronounced dead at the hospital. Christina Nelms, Smith's daughter and the personal representative of his estate, sued Miller and others, claiming they were deliberately indifferent to her father's medical needs in violation of his constitutional rights. Because a jury could find the decision not to provide oxygen constituted such deliberate indifference, the Court denied Miller's motion for summary judgment on this narrow issue. (ECF No. 124.)

Miller seeks reconsideration of that decision. (ECF No. 126.) For the following reasons, that motion is DENIED.

**I.**

"Motions for reconsideration of non-final orders are disfavored," and may only be brought upon certain enumerated grounds: (A) mistake that would change the outcome, (B) an intervening change in law, or (C) new facts that could not have been discovered with reasonable diligence prior to the Court's ruling. E.D. Mich. LR 7.1(h)(2)(A)–(C). Miller styles her motion under sections (A) and (C). (ECF No. 126, PageID.4927.) Neither clear this high bar.

**A.**

First, Miller argues that her failure to provide oxygen in those eight minutes did not proximately cause Smith's death, so no reasonable jury could find that decision constitutes deliberate indifference to Smith's serious medical needs. (*Id.* at PageID.4928.) But she did not raise that argument in her summary judgment brief. (ECF No. 110.) Instead, she focused on the evidence that an undetectable, asymptomatic bacterial infection caused Smith's heart attack, not an identifiable cardiac issue. (ECF No. 110, PageID.3076 ("Given the infection, there is no plausible basis of Plaintiff's theory that Smith's heart attack was caused by untreated atherosclerotic disease [chronic condition]. Plaintiff has failed to prove proximate cause as argued and summary disposition should be granted under Fed. R. Civ. Proc. 56."); *id.* at PageID.4869 ("Plaintiff's proximate causation theory is premised on the Defendants' failure to 'work up' a cardiac issue (i.e., complaints of chest pain) in September 2018, and not a failure to 'work up' an infectious issue.").) But those

arguments do not address whether Smith would have still died if he had been provided oxygen while awaiting EMS.

Because Miller's argument is one that could have been made in her summary judgment briefing, it is not a proper ground for reconsideration. "A motion for reconsideration is not a vehicle to 'advance positions that could have been argued earlier but were not.'" *McDermott v. Randall S. Miller & Assocs., P.C.*, 835 F. Supp. 2d 362, 374 (E.D. Mich. 2011) (citing *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003)).

**B.**

Miller's second argument for reconsideration is that the Court erred by not considering specific pieces of her testimony when finding a fact issue as to deliberate indifference. (ECF No. 126, PageID.4931–4933 (citing testimony regarding Miller's decision to stay with Smith in order to "continue to assess him" and remain available if CPR or an AED was needed).)

While the Court may not have cited each specific part of Miller's testimony, it considered all of it in assessing whether a reasonable jury could find she was deliberately indifferent. The opinion walked through Miller's decision to stay with Smith and her reasoning for doing so—so that she was present to administer CPR or the AED. (ECF No. 124, PageID.4911–4914.) But it also considered her other options, such as asking the corrections officer to retrieve the oxygen even if meant leaving her alone with an inmate. The Court explained:

> Here, a reasonable jury could find that Miller got the balance wrong. Miller was not confronted with a prison riot or historically dangerous

> prisoner. To the contrary, Smith's vitals were so low he could not stand on his own. Miller was worried that he could need life-saving CPR at any minute. He was struggling to breathe and close to death. But in lieu of taking some action to get oxygen, she waited for EMS to arrive. Taking all of this into consideration, a reasonable jury could find that Miller knew of and disregarded an excessive risk to Smith's health. In other words, there is a genuine issue of material fact on this deliberate indifference claim pertaining to Miller's decision not to administer oxygen to Smith while waiting for the ambulance.

(*Id.* at PageID.4913–4914.)

Because the Court considered this issue, it is also not a proper ground for reconsideration. "A motion for reconsideration should not be used liberally to get a second bite at the apple . . . ." *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (quoting *United States v. Lamar*, No. 19-CR-20515, 2022 WL 327711, at *1 (E.D. Mich. Feb. 3, 2022)); *Evans v. City of Ann Arbor*, No. 21-10575, 2022 WL 2988168, at *1 (E.D. Mich. July 28, 2022) ("[M]otions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered.").

**II.**

Accordingly, the Court DENIES Defendant's motion for reconsideration (ECF No. 126).

IT IS SO ORDERED.

Dated: October 13, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE